FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUL 1 6 2008

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

James A. McDevitt
United States Attorney
Eastern District of Washington
Timothy J. Ohms
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | 08-CR-0056-FVS |
| vs. | ) | |
| | ) | Plea Agreement |
| DKN INDUSTRIES, INC., dba Legacy | ) | |
| Auto Glass International ("Legacy"), | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, United States of America, by and through James A. McDevitt,

United States Attorney for the Eastern District of Washington, and Timothy J.

Ohms, Assistant United States Attorney for the Eastern District of Washington,

and Defendant DKN Industries, Inc., dba Legacy Auto Glass International

("Legacy") and the Defendant's counsel, David H. Smith, agree to the following

Plea Agreement:

    1.    Guilty Plea and Maximum Statutory Penalties:

The Defendant, Legacy, agrees to waive indictment by a grand jury and

agrees to plead guilty to an Information charging the Defendant with Wire Fraud

in violation of 18 U.S.C. § 1343. The Defendant understands that this is a Class C

felony which carries a maximum penalty of: a fine not to exceed $500,000;

restitution; and a $100.00 special penalty assessment.

PLEA AGREEMENT- 1
P80418jm.TOA.wpd

1    The Defendant, Legacy, understands that a violation of a condition of

2  supervised release carries an additional penalty of re-imprisonment for all or part

3  of the term of supervised release without credit for time previously served on post-

4  release supervision.

5         2.      The Court is Not a Party to the Agreement:

6         The Court is not a party to this Plea Agreement and may accept or reject this

7  Plea Agreement.  Sentencing is a matter that is solely within the discretion of the

8  Court.  The Defendant understands that the Court is under no obligation to accept

9  any recommendations made by the United States and/or by the Defendant; and that

10 the Court may, in its discretion, impose any sentence it deems appropriate up to

11 the statutory maximums stated in this Plea Agreement.

12        The Defendant acknowledges that no promises of any type have been made

13 to the Defendant with respect to the sentence the Court will impose in this matter.

14 The Defendant understands that the Court is required to consider the applicable

15 sentencing guideline range, but may depart upward or downward under the

16 appropriate circumstances.

17        The Defendant also understands that should the sentencing judge decide not

18 to accept any of the parties' recommendations, that decision is not a basis for

19 withdrawing from this Plea Agreement or a basis for withdrawing this plea of

20 guilty.

21        3.      Waiver of Constitutional Rights:

22        The Defendant, Legacy, understands that by entering this plea of guilty the

23 Defendant is knowingly and voluntarily waiving certain constitutional rights,

24 including:

25               (a).    The right to a jury trial;

26               (b).    The right to see, hear and question the witnesses;

27               (c).    The right to remain silent at trial;

28               (d).    The right to testify at trial; and

PLEA AGREEMENT- 2
P80418jm.TOA.wpd

1    (e).   The right to compel witnesses to testify.

2    While the Defendant is waiving certain constitutional rights, the Defendant

3 understands the Defendant retains the right to be assisted through the sentencing

4 and any direct appeal of the conviction and sentence by an attorney. The

5 Defendant also acknowledges that any pretrial motions currently pending before

6 the Court are waived.

7    4.    Elements of the Offense:

8    The United States and the Defendant agree that in order to convict the

9 Defendant of Wire Fraud in violation of 18 U.S.C. § 1343, the United States

10 would have to prove beyond a reasonable doubt the following elements:

11          (a).   First, by on or about from May 14 through May 19, 2003, in

12                 the Eastern District of Washington, the Defendant, Legacy,

13                 devised a scheme or artifice to obtain money by false and

14                 fraudulent pretenses;

15          (b).   Second, the Defendant acted with the intent to deprive victims

16                 of money through materially false and fraudulent pretenses;

17                 and

18          (c).   Third, the Defendant used, or caused someone to use, the wires

19                 in interstate commerce, to carry out or to attempt to carry out

20                 the scheme or artifice.

21    5.    Factual Basis and Statement of Facts:

22    The United States and the Defendant stipulate and agree that the following

23 facts are accurate; that the United States could prove these facts beyond a

24 reasonable doubt at trial; and these facts constitute an adequate factual basis for

25 Legacy's guilty plea. This statement of facts does not preclude either party from

26 presenting and arguing, for sentencing purposes, additional facts which are

27 relevant to the guideline computation or sentencing, unless otherwise prohibited in

28 this agreement.

PLEA AGREEMENT- 3
P80418jm.TOA.wpd

1    Between approximately October 1, 2001, through January 31, 2004, DKN

2  Industries, Inc., doing business as Legacy Auto Glass International ("Legacy"),

3  operated a nation-wide auto glass repair business through a centralized calling

4  center located in Spokane, Washington. During this period, insurance carriers paid

5  auto glass repair claims at different rates depending on the location their repair

6  facilities. Rural repairs were paid at a higher rate than urban repairs. The rate

7  schedule classified locations under an alphabetical designation of A though E,

8  with A regions being the most urban and E areas being the most rural. This system

9  was based upon the increased transportation and related costs associated with rural

10  repair facility locations compared to urban repair facility locations. Legacy offered

11  a mobile repair service by which the repair would occur at the insured's residence

12  or place of employment. Legacy claimed that the repair would originate from one

13  of twenty-three repair shops located around the country in D or E designated areas.

14  In fact, the repair shops identified by Legacy were non-functional "shell" facilities

15  rented by Legacy in order to maintain the impression that the repairs were

16  originating from a D or E designated region.  The repairs were actually conducted

17  by employees or contractors working out of their residences in A or B designated

18  regions.  As a result, Legacy used the insurance company rate schedule to submit

19  false claims to insurance companies for auto glass repairs. Legacy used phone

20  lines in interstate commerce to communicate with customers, potential customers,

21  insurance companies, and third party administrators working on behalf of

22  insurance companies. Legacy also used wires in interstate commerce to submit

23  electronic bills to the insurance companies through the third party administrators

24  via computer-based electronic transmissions. During the period of its operation,

25  Legacy defrauded sixty-nine insurance companies primarily represented by two

26  third party administrators: Safelite Solutions ("Safelite"), located in Columbus,

27  Ohio, and Lynx Services, located in Fort Meyer, Florida.  The total amount of

28  claims paid through Safelite and Lynx Services to Legacy over this period was

PLEA AGREEMENT- 4
P80418jm.TOA.wpd

1  $25,160,571, of which $6,038,537 was in overpayment based upon Legacy's

2  misrepresentations concerning the location of the repair facilities.

3        Specifically in relation to the Information charging Legacy with one count

4  of wire fraud in violation of Title 18 U.S.C. § 1343, on May 14 and 19, 2003,

5  Legacy, through its calling center located in Spokane, Washington, participated in

6  a four-way conference call using wires in interstate commerce between, Eric

7  Parks, an insured person seeking repair for a damaged windshield on a 2000 Ford

8  Explorer, Farmers Insurance Company, and Safelite. The calls were consentually

9  recorded. During the calls, Parks requested Farmers to cover the costs for the

10 repair and requested that the repair be conducted by Legacy. Although the repair

11 would be completed at Parks residence in Spokane, Washington, Legacy

12 represented that the repair would be initiated from its repair shop in Davenport,

13 Washington. Spokane was located in region B for purposes of determining the

14 allowable costs of repair and Davenport was located in region E. The difference in

15 the allowable repair costs between these regions was approximately twenty-four

16 percent. Subsequent investigation determined that the repair shop in Davenport

17 was inoperable and was never used or intended to be used by Legacy to conduct

18 repairs. Based on Legacy's representations, Safelite and Farmers approved the

19 repair. On May 30, 2003, Safelite received a bill electronically transmitted in

20 interstate commerce by Legacy for repair costs on claims that included the Parks'

21 repair. Safelite subsequently paid Legacy $384.95 for the replacement windshield

22 used in the Parks' repair. This amount included an overpayment of $119.47 based

23 on Legacy's false claim that the repair originated in Davenport, Washington.

24        6.    Waiver of Inadmissibility of Statements:

25        The Defendant agrees to waive the inadmissibility of statements made in the

26 course of plea discussions with the United States, pursuant to Fed. R. Crim.

27 P. 11(f). This waiver shall apply if the Defendant withdraws this guilty plea or

28 breaches this Plea Agreement. The Defendant acknowledges that any statements

PLEA AGREEMENT- 5
P80418jm.TOA.wpd

1   made by the Defendant to law enforcement agents in the course of plea discussions

2   in this case would be admissible against the Defendant in the United States's case-

3   in-chief if the Defendant were to withdraw or breach this Plea Agreement.

4        7.    The United States Agrees Not to File Additional Charges:

5        The United States Attorney's Office for the Eastern District of Washington

6   agrees not to bring any additional charges against DKN INDUSTRIES, INC.'s

7   shareholders, officers, directors or employees, including David and Karen

8   Nibarger, for any offense now known to the government related to Legacy's

9   operations, unless the Defendant breaches this Plea Agreement any time before or

10  after sentencing.

11       8.    United States Sentencing Guideline Calculations:

12       The Defendant understands and acknowledges that the United States

13  Sentencing Guidelines (hereinafter "U.S.S.G.") are applicable to this case and that

14  the Court will determine the Defendant's applicable sentencing guideline range at

15  the time of sentencing.

16            (a.)    Base Offense Level:

17       The United States and the Defendant agree that the base offense level for

18  Wire Fraud is 7. See U.S.S.G. §2B1.1(a).

19       The United States and the Defendant agree and stipulate that the total

20  amount of the loss resulting from the fraudulent scheme undertaken by the

21  Defendant was more than $2.5 million but less than $7 million and that the

22  Defendant's relevant conduct for sentencing purposes should be calculated based

23  upon this amount, pursuant to U.S.S.G. §1B1.3.

24            (b.)    Specific Offense Characteristics:

25       The United States and the Defendant also agree and stipulate that the base

26  offense is increased by an additional eighteen (18) levels because the loss

27  stemming from the Defendant's relevant conduct exceeds $2.5 million, but does

28  not exceed $7 million. See U.S.S.G. §2B1.1(b)(1)(J).

PLEA AGREEMENT- 6
P80418jm.TOA.wpd

1  The United States and the Defendant also agree and stipulate that the base

2  offense is increased by an additional four (4) levels because the Defendant's

3  relevant conduct involved 50 or more victims. See U.S.S.G. §2B1.1(b)(2)(B).

4  Therefore, the United States and the Defendant agree that the Defendant's

5  final adjusted offense level would be 29.

6  (c.)    Criminal History:

7  As of this date, the facts regarding the Defendant's criminal history are as

8  follows: The parties believe that the Defendant has zero (0) criminal history

9  points, which would correspond to a criminal history category of I.

10  9.    Departures:

11  There are no aggravating or mitigating factors with respect to the correct

12  calculation of the Sentencing Guidelines. The United States and the Defendant

13  agree that they will not seek either an upward or a downward departure from the

14  applicable Guidelines.

15  10.    Criminal Fine:

16  The United States and the Defendant agree to a joint recommendation of a

17  fine within the applicable guideline range.

18  11.    Restitution:

19  The United States and the Defendant acknowledge that, pursuant to a civil

20  settlement reached between Legacy and Farmers Insurance Exchange, Farmers

21  Insurance Exchange has received full restitution for its claimed losses. The parties

22  acknowledge further that the remaining victim insurance companies have been

23  consulted through claims administrators representing their interests and have

24  concurred in this agreement. The parties agree that determining complex issues of

25  fact related to the cause or amount of additional victim losses would complicate or

26  prolong the sentencing process to a degree that the need to provide restitution to

27  any victim is outweighed by the burden of the sentencing process. See 18 U.S.C.

28  § 3663A(c)(3)(B).

PLEA AGREEMENT- 7
P80418jm.TOA.wpd

12. **Mandatory Special Penalty Assessment:**

The Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. § 3013 and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

13. **Hyde Amendment Waiver:**

The Defendant waives any claim under the Hyde Amendment, 18 U.S.C. § 3006A (Statutory Note), for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

14. **Integration Clause:**

The United States and the Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and the Defendant, and no other promises, agreements, or conditions exist between the United States and the Defendant concerning the resolution of the case.  This Plea Agreement is binding only upon the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state or local authorities.  The United States and the Defendant agree that this agreement cannot be modified except in a writing that is signed by the United States and the Defendant.

### Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

James A. McDevitt
United States Attorney

_____          07-16-08
Timothy J. Ohms                                         Date
Assistant U.S. Attorney

PLEA AGREEMENT- 8
P80418jm.TOA.wpd

1  I have read this Plea Agreement and have carefully reviewed and discussed

2  every part of the agreement with my attorney.  I understand and voluntarily enter

3  into this Plea Agreement.  Furthermore, I have consulted with my attorney about

4  my rights, I understand those rights, and I am satisfied with the representation of

5  my attorney in this case.  No other promises or inducements have been made to

6  me, other than those contained in this Plea Agreement and no one has threatened

7  or forced me in any way to enter into this Plea Agreement.  I am agreeing to plead

8  guilty because I am guilty.

9

10  _____     7-16-06

11  DKN INDUSTRIES, INC.,                              Date
    dba Legacy Auto Glass International ("Legacy")

12  Defendant

13  I have read the Plea Agreement and have discussed the contents of the

14  agreement with my client.  The Plea Agreement accurately and completely sets

15  forth the entirety of the agreement between the parties.  I concur in my client's

16  decision to plead guilty as set forth in the Plea Agreement.  There is no legal

17  reason why the Court should not accept the Defendant's plea of guilty.

18  _____     7-16-08

19  David H. Smith                                          Date
    Attorney for the Defendant

20

21

22

23

24

25

26

27

28

PLEA AGREEMENT- 9
P80418jm.TOA.wpd